UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDELITY BROKERAGE SERVICES LLC,

    Plaintiff,

v.

SUCHITRA BUSCH and EXECUTIVE
WEALTH MANAGEMENT, LLC,

    Defendants.

Case No. 14-10756
Hon. Terrence G. Berg

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 5)

This Court, having read and considered the Verified Complaint on file in this action by Fidelity Brokerage Services LLC ("Fidelity"), Fidelity's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law in support thereof, Defendants' Opposition, the Declarations and Exhibits submitted by both Plaintiff and Defendants, and the parties' arguments made during the March 7, 2014 telephonic hearing, and being fully advised of the premises, and good cause appearing therefore, hereby finds and orders as follows:

This Court finds the following:

1.    Fidelity has demonstrated a likelihood of success on the merits of its claims against Defendants Suchitra Busch ("Busch") and Executive Wealth Management, LLC;

1

2. Fidelity will suffer irreparable harm if Busch and Executive Wealth Management, LLC are permitted to continue to misappropriate and use Fidelity's trade secret customer information;

3. Fidelity has no adequate remedy at law;

4. Greater injury will be inflicted upon Fidelity by denial of injunctive relief than would be inflicted upon Busch and Executive Wealth Management, LLC by the granting of such relief;

5. The issuance of injunctive relief will serve the public interest in the protection of proprietary business and customer information and Fidelity's trade secret customer information, as well as by safeguarding Fidelity's customer's personal information; and

6. Under Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure, Fidelity is required to seek interim injunctive relief in a Court of competent jurisdiction in order to proceed to an expedited arbitration hearing on the merits before a panel of duly appointed arbitrators.

For those reasons, **IT IS HEREBY ORDERED THAT**:

A. Defendants and anyone acting in concert with them are enjoined, effective immediately, from creating, recreating from memory, using, disclosing, transmitting or continuing to possess for any purpose, any records or documents (whether in original, computerized, electronic, hard-copy, hand-written or memorialized in any other form) containing

          information pertaining to Fidelity customers or prospective customers whom Suchitra Busch served or whose names became known to her while in the employ of Fidelity including, but not limited to, names, addresses, telephone numbers, email addresses and personal and financial information. This provision does not prohibit Defendants from using, disclosing, transmitting or continuing to possess information provided to Defendants by customers after Busch was no longer employed by Fidelity;

B.    Defendants and anyone acting in concert with them are ordered to return to Fidelity any and all records and/or documents in any form, received or removed from Fidelity by Suchitra Busch containing information pertaining to customers or prospective customers of Fidelity whom she served or whose name became known to her while in the employ of Fidelity, within five (5) days from the entry of this Order, including any and all copies. This requirement includes all records or documents, in any form, created by Busch or Executive Wealth Management, or anyone acting in concert with them, based on documents or information that was received or removed from Fidelity by Busch, as well as any records, documents and/or information created or recreated from memory or otherwise by Busch either during or after the termination of her employment with Fidelity that contain

3

information pertaining to Fidelity customers Busch became aware of through her employment with Fidelity;

C. For electronically maintained information, after printing a copy to return, Defendants shall secure the deletion of that information from all computer files or other electronic equipment, including, cellular telephones, personal data assistants, DVDs, CD-ROMs, USB storage devices, floppy disks, Zip drives, flash drives memory cards or other electronic devices as well as social media accounts (i.e. LinkedIn, Facebook) within Busch's or Executive Wealth Management's custody or control;

D. Defendants shall file a declaration attesting that they have returned to Fidelity all information subject to this Court's Order and deleted all Fidelity information from any electronic devices within their possession, custody or control within seven (7) days from the entry of the court's order;

E. Suchitra Busch is enjoined, effective immediately and continuing until order of the FINRA Arbitration panel, from soliciting, whether directly or indirectly, and whether alone or in concert with others (including Executive Wealth Management, LLC), any business from any Fidelity customer whom she served or whose name became known to her while in the employ of Fidelity, including, without limitation, all customers she learned of through her employment with Fidelity.;

F. The restrictions contained in Paragraphs A, B, C and E above do not apply to customers who currently have assets under management with Suchitra Busch and/or Executive Wealth Management as of February 20, 2014 and those customers who transfer assets or open accounts with Defendants without solicitation thereafter;

G. Fidelity and Suchitra Busch shall proceed toward an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3-4 and Rule 13804 of the FINRA Code of Arbitration Procedure;

H. Executive Wealth Management shall notify the Court and opposing counsel in writing within three (3) days of this order whether it will consent to be bound by a FINRA arbitration of Fidelity's claims. If Executive Wealth Management does not consent to arbitrate the merits of Fidelity's claims against it in the FINRA arbitration, this Court will enter a scheduling order;

I. This Order is effective immediately and does not require the posting of a bond; and

J. This Order shall remain in full force and effect until order of the FINRA arbitration panel.

**SO ORDERED**.

Dated: March 7, 2014                     s/Terrence G. Berg
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE

**Certificate of Service**

      I hereby certify that this Order was electronically submitted on March 7, 2014, using the CM/ECF system, which will send notification to all parties.

                                              s/A. Chubb
                                              Case Manager